```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
       FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| ROBERT HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-62-TS |
| | ) | |
| CITY OF GARY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Robert Holland, proceeding pro se, filed an Amended Complaint [ECF No. 8] and an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*) [ECF No. 2]. For the reasons set forth below, the Plaintiff's Application is **DENIED**, and his Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he receives approximately $425 per month in disability payments. He reports that he has approximately $50 cash on hand and no dependents. Based on this income information, the Court finds that the Plaintiff is financially eligible for *in forma pauperis* status. *See* Annual Update of the HHS Poverty Guidelines, 77 FED. REG. 4035 (Jan. 26, 2012).

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32–33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, the Plaintiff's Amended Complaint is an unwieldy 213 pages. His original complaint was 167 pages long and was stricken on the ground that it failed to conform with Federal Rule of Civil Procedure 8. (Order, ECF No. 4.) The Plaintiff was granted an opportunity to submit an amended complaint and was instructed to submit a short, plain statement showing that he is entitled to relief. (*Id.*) He responded by filing an amended complaint that is even longer and more convoluted than the original. Because it appears from the nature and content of the Plaintiff's filings that granting him another opportunity to replead his claims will not result in a more viable complaint, the Court has undertaken to discern the Plaintiff's claims from his present filing.

The Plaintiff is suing a total of 58 defendants, including his mother, the City of Gary, the current and former mayors of Gary, the current and former Gary chiefs of police, several state judges, police officers from Gary, the Gary city attorney, the Town of Merrillville, several Merrillville police officers, the "1999 Warden of the Lake County Jail," several guards at the jail, the Lake County Board of Commissioners, various private attorneys, hospitals, a psychiatrist, and others. (Am. Compl. 1–18, ECF No. 8.) He alleges that all these Defendants are

part of a vast conspiracy, the purpose of which is to violate his rights under the "First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments[.]" (*Id.* at 26.) He claims that in furtherance of this conspiracy, the Defendants have engaged in a pattern of "racketeering" over the past 20 years, which he describes as follows: "[V]iolating the rights of Robert Holland under color of state law without probable cause or even reasonable suspicion of commission of a crime, illegal search, illegal seizure, false arrest, false imprisonment, filing of fraudulent charges, acts of intimidation, acts of harassment, defamation, involuntary commitment, malicious prosecution and abuse of process to injure his business and professional reputation."[1] (*Id.*) As evidence of this conspiracy, he describes several incidents dating back to 1991 in which he was arrested on various charges—usually at the behest of his mother or other family members following altercations in his mother's home—and detained, prosecuted, or held over for mental evaluation. He also describes a more recent incident in which he unsuccessfully sought to have his law license reinstated.[2] He believes that everyone associated with these incidents conspired together to torment him, defame him, and violate his rights. Among other relief, he seeks money damages for violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and various forms of injunctive relief. (*Id.* at 207–08; ECF No. 9 at 3–4.)

Upon review, the Court finds the Plaintiff's allegations about a vast conspiracy involving his family members, officials from different towns, private hospitals, and multiple state court

---

[1] He asserts that many of the defendants are members of an organization he refers to as "MEGWITHANIA," which he believes to have vast influence over Lake County government. (*See* Am. Compl. at 48–52.)

[2] According to the public records of the Indiana State Bar, the Plaintiff was admitted to practice law in 1997 but was suspended in October 2009 and has not been reinstated. *See http://hats2.courts.state.in.us/rollatty/roa2_out.jsp?sel=10.*

judges to be in the vein of "fantastic" or "delusional," warranting dismissal of the complaint as frivolous. *See Neitzke*, 490 U.S. at 325; *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 Fed. Appx. 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

Furthermore, at least some of the allegations in the complaint mirror those in another lawsuit brought by the Plaintiff, which remains pending in this Court. *See Holland v. City of Gary, et al.*, No. 2:10-CV-454 (N.D. Ind. filed Nov. 15, 2010.) He sues several of the same defendants, and in both suits he complains about his arrest and detention in March 2010 as a result of an incident in which he allegedly spit in his mother's face during an argument. (*See id*; *see also* Am. Compl. at 143–45.) It is malicious for Holland to file more than one suit against the same defendants based on the same set of facts. *See* 28 U.S.C. § 1915A; *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d

5

994, 994–95 (5th Cir. 1993) (malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff). The Plaintiff therefore cannot proceed with such claims in this lawsuit.

The Court notes that the Plaintiff was previously instructed that he cannot raise unrelated claims against unrelated defendants in one lawsuit. (Order 2, ECF No. 4.) In repleading his claims he presents the same allegations, which he views as related because they involve a vast conspiracy, despite that they involve different defendants, different time periods, and different underlying events. The Court declines to parse through the 213-page complaint in search of potential claims arising from the discrete incidents he describes, including his various arrests, detentions, mental evaluations, and his suspension from the practice of law. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

Moreover, aside from the fact that the individual claims cannot be brought in one lawsuit, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), many of the incidents the Plaintiff describes occurred years ago and would be time-barred, *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (statute of limitations for a Section 1983 claim arising in Indiana is two years). Because there is no plausible basis for inferring the existence of a conspiracy, the Plaintiff cannot sue the various private actors listed in the complaint. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (private

entities cannot be sued for constitutional violations under Section 1983). Many of the state actors, including the judges, prosecutors, and any non-judicial decision maker acting in a judicial capacity, would be immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity); *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2011) (immunity extended to members of county board of review); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (immunity extended to mayor). Furthermore, this Court has no authority to review or otherwise alter the orders issued in the state court cases the Plaintiff references. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *In re Campbell*, 264 F.3d 730, 731–32 (7th Cir. 2001).

For all these reasons, the Court declines to authorize the Plaintiff to proceed with this lawsuit under the *in forma pauperis* statute. Because the case is being dismissed, the Plaintiff's request for preliminary injunctive relief is also denied. [ECF No. 9.] The Court also denies the Plaintiff's request that counsel be appointed to assist him due to the "large number of defendants" and "complexity of the case." [ECF No. 10.]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees [ECF No. 2], and **DISMISSES** the Amended Complaint [ECF No. 8] pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court **DENIES** the Plaintiff's request for an injunction [ECF No. 9] and his request for counsel [ECF No. 10].

SO ORDERED on March 21, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION